**JACKSON v. UNITED STATES.**

No. 11828.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 19, 1954.

Decided April 8, 1954.

Writ of Certiorari Denied
June 7, 1954.

See 74 S.Ct. 879.

Mr. T. Emmett McKenzie, Washington, D. C., for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., and Lewis A. Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellant was convicted on eight counts of an indictment charging illegal

sale, purchase, and concealment of narcotic drugs. Consecutive sentences were imposed on two of the counts, numbered 11 and 14, which charged the sale of narcotic drugs without written order of the purchaser, in violation of the Harrison Narcotics Act.[1] Sentences to run concurrently, some with that imposed on count 11, others with that on count 14, were imposed on the remaining six counts which charged the sale of narcotics not in or from the original stamped package, in violation of the Harrison Narcotics Act,[2] and facilitating the concealment and sale of narcotics known to have been illegally imported, in violation of the Narcotic Drugs Import and Export Act.[3]

Appellant's main contention is that in instructing the jury that, under the applicable statutes, the unexplained possession of narcotic drugs [4] is sufficient evidence to authorize conviction, the trial court erred in instructing that actual, physical possession is not essential and that constructive possession is sufficient.

These instructions, however, were given only in connection with the charges of selling not in or from the original stamped package and facilitating concealment and sale. They were not given in connection with the charges in counts 11 and 14 of selling narcotics without a written purchase order. We find no error in the presentation of the case to the jury on these two counts, and in view of the concurrence of the sentences, it is unnecessary for us to resolve the questions presented as to the validity of the convictions on the remaining six counts. Kiyoshi Hirabayashi v. United States, 320 U.S. 81, 85, 63 S.Ct. 1375, 87 L.Ed. 1774.

Affirmed.

1. 38 Stat. 786, as amended, 26 U.S.C. § 2554(a). Later amended, 67 Stat. 506, 26 U.S.C.A. § 2554(a) (Supp.1953).

2. 38 Stat. 785, as amended, 26 U.S.C. § 2553(a). Later amended, 67 Stat. 506, 26 U.S.C.A. § 2553(a) (Supp.1953).

3. 35 Stat. 614, as amended, 21 U.S.C. § 174 (Supp.1952).

4. Or, in connection with the charges of selling not in or from the original stamped package, the possession of narcotics absent the appropriate tax-paid stamps.